UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTOINE GORUM,<br><br>                       Plaintiff,<br><br>  v.<br><br>CALDERWOOD,<br><br>                       Defendant. | Case No.  2:15-cv-00065-APG-GWF<br><br>**ORDER** |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner.  On October 21, 2015, the Court issued an order dismissing the second amended complaint with leave to amend and directed Plaintiff to file an amended complaint by November 23, 2015.  (Dkt. #15 at 9).  Plaintiff has not filed an amended complaint.  Instead, Plaintiff has filed a "motion" which states, Plaintiff's "statement of facts is 5 pages long, Plaintiff is asking that this Court accepts his motion to move forward with his civil complaint because his complaint has merits."  (Dkt. #18 at 1).  The Court interprets this notice as Plaintiff's refusal to file an amended complaint in compliance with this Court's October 21, 2015 order because Plaintiff believes his second amended complaint has merit.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with

---

[1] To the extent that Plaintiff is attempting to file a motion for reconsideration, the Court denies the motion.  *See Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) (finding that "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled").

1  local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
2  noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
3  1992)  (dismissal for failure to comply with an order requiring amendment of complaint);
4  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
5  with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v.
6  U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
7  with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
8  for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's previous orders informed Plaintiff that failure to timely comply with the Court's orders would result in dismissal.  (*See* Dkt. #2 at 2; Dkt. #12 at 5).   Thus, Plaintiff had adequate warning that dismissal would result from

his noncompliance with the Court's order to file an amended complaint by November 23, 2015.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's October 21, 2015, order.

It is further ordered that the outstanding motions (Dkt. #14, 16, 17, 18) are denied as moot.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated:  December 2, 2015.

_____
UNITED STATES DISTRICT JUDGE